IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HUBER HEIGHTS VETERANS CLUB , INC.
4214 Powell Rd.
Huber Heights, Ohio 45424

       Plaintiff

                                     CASE NO. _____

  Vs

STATE OF OHIO
c/o Dave Yost, Ohiio Attorney General
Statutory Agent
30 East Broad Street-14 th Floor
Columbus, Ohio 43215

Hon. RICHARD S. SKELTON
Montgomery County Common Pleas Court
41 North Perry Street
Dayton, Ohio 45422

HON. DALE BRYANT
Montgomery County Common Pleas Court
41 North Perry Street
Dayton, Ohio 45422

HON. BRIAN C. DRISCOLL
Clark County Common Pleas Court
101 North Limestone Street
Springfield, Ohio 45502

       Defendants

---

COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

---

    1. Jurisdiction of this court in this matter is established by 28 U.S.C 1331, which provides that the district courts shall have original jurisdiction in all civil

1

actions arising under the Constitution, laws and treaties of the United States, and 28 U.S.C. 1343, which provides that the district courts shall have original jurisdiction in civil actions, including actions to redress the deprivation , under color of any State law, statute or ordinance of any right or immunity secured by the Constitution of the United States to recover damages and secure damages or other equitable relief. This action is brought against the State of Ohio and its agents for t he purpose of obtaining a declaration that the Ohio statute, O.R.C. 2323.52 and the Defendants actions in enforcing the statute are unconsti25tutiional and void as being violatons of the Fifth Amendment to the U.S. Constitution and Section One of the Fourteenth Amendment to the U.D. Constitution. Injunctive relief against enforcement of the statute is also sought.

    2. Plaintiff is a non profit corporation formed and organized under the laws of the State of Ohio. Plaintiff was formerly known as Montgomery County Voiture No. 34 La Societte des 40 Hommes et 8 Chevaux. Plaintiff changed its name to Huber Heights Veterans Club, Inc. on June 18, 2019.

    3. Defendant Hon Richard S. Skelton is a Judge of the Common Pleas Court of Montgomery County, Ohio and is the presiding judge assigned to Case No. 2021 CV 4538, Huber Heights Veterans Club, Inc. vs. Timothy R. Webb, et al. Said action is an action for ejectment from real estate and damages.

    4. Defendant Hon. Dale Bryant is a Judge of the Common Please Court of Montgomery County, Ohio and is the successor to Judge Skelton as the presiding judge in said case No. 2021 CV 4538.

    5. Defendant, Hon. Brian C. Driscoll is a judge of the Common Pleas Court of

Clark County, Ohio and is the presiding judge assigned to Case No. 21 CV 277, Huber Heights Veterans Club, Inc. Vs. VFW Pose 9966 et al. Said action is an action to recover personal property and chattels converted and taken and damages.

6. In the said case No. 21 CV 4538 Defendant Skelton, on June 9, 2022, without any evidence of vexatious conduct, entered an order declaring that Plaintiff, Huber Heights Veterans Club, Inc. is a vexatious litigaor under ORC 2323.52. Judge Skelton enforced the determination by denying Plaintiff the right to proceed further to a determination on the merits of its complaint. After resignation by Judge Skelton the successor judge, Judge Bryant, confirmed the determination by Judge Skelton and acted to enforce the determination by denying to Plaintiff the right to contest or appeal the determination.

7. Notice of the vexatious litigator order in 29221 CV 4538 was filed in the Clark County action, Case No 2021 CV 277, Huber Heights Veterans Club, Inc vs VFW Post 9966 et al. Upon motion, Judge Driscoll dismissed the action against Defendants, based solely upon the existence of the vexatious litigator order in the separate action without presentation of any evidence of vexatious conduct and without any determination of the merits of Plaintiff's claims against the the Defendants. SubsequentlyJudge Driscoll obtained the imposition of a fine upon Plaintiff in the amount of $ 969.50 for attempting to contest or reverse the order of dismissal.

8. The vexatious litigation statute, O.R.C 2323.52, prohibits a person determined to be a vexatious litigator from instituting, continuing or presenting any claim or legal proceeding regardless of the merits of the case or claim. It allows

3

determination of vexatious litigator status by arbitrary decision of any judge without any due process and it denies the accused the right of appeal.

9. Plaintiff says that enforcement of the vexatious litigation statute (ORC 2323.52) and enforcement of the vexatious litigator order obtained by Defendants counsel is prohibited generally by the Fifth Amendment of the U.S. Constitution and is specifically applied to the States by Section One of the Fourteenth Amendment to the U.S. Constitution which provides that:

> "* * * No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States nor shall any State deprive any person of life, liberty or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."

10. Plaintiff has been denied its right to proceed against Defendants in each case and is inhibiited from presenting any legal claims to remedy the harm caused to Plaintiff by Defendants. Plaintiff is denied its right of access to the courts. The statute is unconstitutional and enforce ment of the statute by the State of Ohio's agents, Judges Skelton, Bryant and Driscoll is an unconstitutional denial of due process.

WHEREFORE, , Plaintiff demands the following :

(1) A Declaration that ORC 2323.52 violates the U. S. Constitution, is unconstitutional and void and may not be enforced.

(2) An injunction against the defendants and any other agent or officer of the State of Ohio from enforcing the statute or any order issued pursuant to said statute.

(3) A Declaration that the order of May 9, 2022 in Montgomery County Common Pleas No. 2021 CV 4358 declaring Plaintiff to be a vexatious litigator and the courts orders of enforcement are unconstitutional and are null and void.  An injunction shall be iissued enjoining Defendamts Skelton amd Bryamt from taking any action to enforce said declaration of May 9, 202.

(4) A Declaration that the order of  February 6, 2023 in Clark County Common Pleas No. 21 CV 277 dismissing the action  pursuant to the declaration of vexatious litigator under ORC 2323.52 and the courts orders of enforcement are unconstitutional and are null and void.  An injunction shall be issued enjoining Defendamt Driscoll from taking any action to enforce said declaration of May 9, 2022 by Judge Skelton or any other declaration of vexatious litigation.

(5) An order directing  cancellation and rescission of the $ 959.50 penalty charged to Plaintiff by Defendant Driscoll

(6) An order directing the removal of Plaintiff's name from the Ohio Supreme Cour's list of vexatious litigators. .

        Respectfully submitted

        /s/ Charles J. Simpson
        _____.
      Charles J. Simpson  (0007339)
      Attorney for Plaintiff
     157 Lammes Lane
     New Carlisle, Ohio 45344
     Tel. No. 937-845-8274
     E-mail  cjslpa@aol.com