UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

HUBER HEIGHTS VETERANS
CLUB, INC.,

    Plaintiff,

vs.

STATE OF OHIO, *et al.*,

    Defendants.

Case No. 3:23-cv-389

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) GRANTING DEFENDANTS' MOTIONS TO DISMISS (DOC. NOS. 14, 15, 16); (2) DISMISSING THIS CASE WITH PREJUDICE; (3) DENYING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 18); AND (4) TERMINATING THIS CASE ON THE DOCKET**

---

    This is a civil case for which both sides are represented by counsel. Plaintiff is Huber Heights Veterans Club, Inc., an Ohio non-profit corporation. Defendants are: (1) the State of Ohio, c/o David Yost, Ohio Attorney General and statutory agent; (2) Judge Richard S. Skelton of the Montgomery County Common Pleas Court; (3) Judge Dale Crawford of the Montgomery County Common Pleas Court; and (4) Judge Brian C. Driscoll of the Clark County Common Pleas Court. Defendant State of Ohio ("the State") and Defendant Judge Driscoll ("Judge Driscoll") filed individual motions to dismiss, *see* Doc. Nos. 14, 15, respectively, and Defendant Judges Skelton ("Judge Skelton") and Crawford ("Judge Crawford") jointly filed a motion to dismiss (Doc. No. 16).

    Plaintiff brings this action seeking a declaratory judgment and injunction regarding Ohio's vexatious litigator statute, Ohio Rev. Code § 2323.52. *See generally* Doc. No. 1. In a prior civil action, Judge Skelton declared Plaintiff a vexatious litigator. Doc. No. 16 at PageID 46. This

determination was subsequently enforced by Judges Driscoll and Crawford. *Id.* at PageID 47, Doc. No. 15 at PageID 38.

Having carefully reviewed the complaint in this matter, it is clear and beyond dispute that Plaintiff's claims have been previously litigated between the parties or could have been litigated between them. *See, e.g., Huber Heights Veterans Club, Inc v. Bowman, et al.*, No. 3:22-cv-159 (S.D. Ohio Jan. 30, 2024); *Huber Heights Veterans Club, Inc. v. VFW Post 9966, et al.*, No. 3:23-cv-121 (S.D. Ohio Jan 30, 2024). Thus, the current claims are subject to dismissal on *res judicata* and/or collateral estoppel grounds. *See Montana v. United States*, 440 U.S. 147, 153 (1979) (citations omitted) (defining "*res judicata*" as the principle that "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action"); *Allen v. McCurry*, 449 U.S. 90, 95 (1980) (citations omitted) (defining "collateral estoppel" as the principle that "once a court has decided an issue of law or fact necessary to its judgment, that decision may preclude relitigation in a suit on a different cause of action involving a party to the first case").

Assuming, *arguendo*, the doctrines of *res judicata* and/or collateral estoppel do not apply, dismissal is still warranted because the Sixth Circuit Court of Appeals has found Ohio's vexatious litigator statute to be constitutional. *See Hall v. Callahan*, 727 F.3d 450, 453-57 (6th Cir. 2013). Further, this Court cannot grant some of Plaintiff's requested relief; namely, deeming judgments in state courts null and void. *See id.* at 453 ("Federal district courts do not stand as appellate courts for decisions of state courts") (citations omitted).

Plaintiff is **ADVISED** that perpetuation of the same, previously resolved legal issues through future lawsuits such as this may result in an issuance of sanctions from this Court, an injunction preventing Plaintiff from filing future actions in this Court, a finding that Plaintiff is a

vexatious federal litigant, a report to the Ohio Supreme Court and/or Montgomery County Bar Association disciplinary boards, or a combination thereof.

Accordingly, Defendants' motions to dismiss, premised on both Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. Nos. 14, 15, 16) are **GRANTED** and this case is **DISMISSED WITH PREJUDICE**.  Plaintiff's motion for summary judgment (Doc. No. 18) is **DENIED AS MOOT**.  This matter is **TERMINATED ON THE DOCKET.**

**IT IS SO ORDERED.**

Date:   March 20, 2024                                        s/Michael J. Newman
                                                             Hon. Michael J. Newman
                                                             United States District Judge