UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

HUBER HEIGHTS VETERANS
CLUB, INC.,

    Plaintiff,                                            Case No. 3:23-cv-389

vs.

STATE OF OHIO, *et al.*,                           District Judge Michael J. Newman
                                                                       Magistrate Judge Caroline H. Gentry

    Defendants.

_____

**ORDER: (1) DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL AND TO ALTER AND AMEND JUDGMENT (Doc. No. 24); AND (2) RENEWING THE COURT'S PREVIOUS TERMINATION OF THIS CASE ON THE DOCKET**
_____

       This is civil case is before the Court upon Plaintiff's motion for a new trial and/or to alter and amend judgment (Doc. No. 24). Defendant State of Ohio filed a memorandum in opposition (Doc. No. 25), to which Plaintiff did not reply. Thus, this motion is ripe for review.

       In a previous order, this Court dismissed Plaintiff's claims against Defendants based on *res judicata* and/or collateral estoppel. *See* Doc. No. 21.[1] Now, Plaintiff seeks a new trial and/or an alteration and amendment of the Court's dismissal under Fed R. Civ. P. 59 and 52(b). Doc. No. 24.

       Fed. R. Civ. P. 59 allows the Court to grant a new trial on some or all legal issues after either a jury or nonjury trial. The Rule also permits parties to petition the Court to alter or amend a judgment. *See* Fed. R. Civ. P. 59(e). Rule 52(b) allows the Court to amend its findings, make additional findings, or amend a judgment upon motion of a party. Fed. R. Civ. P. 52(b).

---

[1] The Sixth Circuit recently affirmed this Court's dismissal of another Huber Heights Veterans Club, Inc. case based on *res judicata*. *See Huber Heights Veterans Club, Inc. v. Bowman, et al.*, No. 24-3342, Doc. No. 19 (6th Cir. Oct. 15, 2024).

The Court sees no reason to alter or amend its findings or judgment.  In its motion, Plaintiff points to no new evidence that would mandate this Court to alter its findings or render a new decision.  *See generally* Doc. No. 24.  Nor will the Court grant Plaintiff a new trial; this matter did not warrant a trial in the first place.  Plaintiff's motion merely points to the same conclusory allegations—which have already been fully litigated—as its initial complaint.  *See generally id.*  Therefore, Plaintiff's motion here must be denied for the precise reasons the case was dismissed: this matter is barred by *res judicata* and/or collateral estoppel.  *See* Doc. No. 21.

Accordingly, Plaintiff's motion for a new trial and to alter and amend judgment (Doc. No. 24) is **DENIED**.  This case remains **TERMINATED ON THE DOCKET**.

    **IT IS SO ORDERED.**

October 24, 2024          s/*Michael J. Newman*
                                                         Hon. Michael J. Newman
                                                         United States District Judge